UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML-1 |
| | ) |
| JOSHUA N. BOWSER (01), | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S MOTION *IN LIMINE* (Dkt. 1603)**

This matter is before the Court on Defendant Joshua N. Bowser's ("Mr. Bowser") Motion *in Limine* and Objection to the Admissibility of Government's Proposed Rule 404(B) Evidence (Dkt. 1603). Specifically, on April 5, 2013, the Government indicated that it would present testimony that Bryan Glaze ("Mr. Glaze") and Stephen Duff ("Mr. Duff") assaulted Adan Sanchez-Sarmiento on November 19, 2009; thereafter Mr. Bowser pled guilty to the charge, despite the fact that Mr. Bowser had not participated in the assault ("Uncharged Act 1"). The Government also specified that it would present testimony that Mr. Bowser was incarcerated from April 7, 2010 through May 14, 2011 ("Uncharged Act 2") and from March 10, 2011 through August 16, 2011 ("Uncharged Act 3"). For the reasons set forth below, Mr. Bowser's motion (Dkt. 1603) is **DENIED** in part and **GRANTED** in part.

## I. BACKGROUND

### A.     Procedural Background

On July 3, 2012 Mr. Bowser was named in a thirty-seven count indictment which was superseded on October 17, 2012. A second superseding Indictment with forty-nine counts against multiple defendants was filed on July 13, 2013. Mr. Bowser has been charged with racketeering

acts, fraud, money laundering, and extortion in violation of various federal statutes and is scheduled for trial with five of his co-defendants on September 9, 2013.

**B.**     **Factual Background**

As charged in the second superseding indictment, Mr. Bowser is alleged to have engaged in a pattern of racketeering activities between March 15, 2010 and July 11, 2012. Specifically, the Government alleges that Mr. Bowser and co-defendants entered into an agreement to stage an automobile accident in order to collect insurance proceeds. On the afternoon of March 15, 2010, Mr. Bowser and co-defendants were involved in an automobile accident. As a result of the accident, Mr. Bowser claimed to have suffered personal injuries and claimed approximately $12,085.46 in lost wages from State Farm Insurance. He settled his personal injury and wage loss claims with State Farm Insurance and received $18,000.00 on July 20, 2010. The Government alleges both the personal injury and wage loss claims were false.

The Government alleges that between December 2010 and July 11, 2012, Mr. Bowser and some of his co-defendants threatened to assault an individual to whom another co-defendant had loaned money. The Government alleges Mr. Bowser carried out threats himself and directed others to threaten the individual as well. On December 26, 2010, the Government alleges that Mr. Bowser again threatened the individual. Thereafter, on January 4, 2012, co-defendant Joseph Maio paid Mr. Bowser $100.00 to post bond and free himself from jail. Allegedly, this was payment for Mr. Bowser's help in securing payment from the threatened individual.

## II.  LEGAL STANDARD

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings

must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. The Court will only exclude evidence on a motion *in limine*, however, if the evidence is *inadmissible* on all potential grounds. *Id.* (citing *Betts v. City of Chicago*, 784 F.Supp.2d 1020 (N.D.Ill.2011) (internal quotations omitted) (special emphasis added). Thus, "if the evidence does not satisfy this high standard, the evidentiary ruling must be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *United States v. Griffin*, 2012 WL 5377875, 1 (S.D.Ind.2012) (citing *Hawthorne Partners v. AT & T Technologies, Inc*., 831 F.Supp. 1398.

### III. DISCUSSION

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. The Seventh Circuit has provided a four-part test to be used in 404(b) determinations. Courts are to consider whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

### A.  Uncharged Act 1

Mr. Bowser contends that Uncharged Act 1, specifically, pleading guilty to an offense that he did not commit and a resulting criminal conviction, is a "bad act" to be considered under the four-part test. The Government contends that this evidence does not qualify as a "bad act"

subject to Rule 404(b), because the evidence will show Mr. Bowser did not commit the crime of assault. However, the Court agrees with Mr. Bowser; evidence that a person was dishonest in court and "took the rap" for the actual perpetrator of a crime can be considered a bad act. Therefore, the proffered evidence should be analyzed as Rule 404(b).

Looking at the four-part test, Mr. Bowser asks the Court to specifically consider whether there is evidence sufficient to support a jury finding that Mr. Bowser committed the other act— i.e., lying to investigators and court and pleading guilty to a crime he did not commit—and whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The Court first notes that Mr. Bowser does not argue that the evidence is proffered to show a propensity to commit a crime nor the relevance of the evidence. As the Government argues in its brief, the evidence is not intended to show propensity and does have relevance to showing membership in the Outlaws, provides a reason for why Mr. Duff was indebted to Mr. Bowser, and provides a motive for Mr. Duff's and Mr. Bowser's participation in the mail fraud scheme.

Turning to the sufficiency of evidence to support that Mr. Bowser committed the prior act, the question is whether "the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Howard*, 692 F.3d at 706 (quoting *United States v. Heath*, 188 F.3d 916, 921 (7th Cir. 1999)). Mr. Bowser challenges the sufficiency of the evidence by calling into question the potential testimony of "Individual 1," whom the Government cited in its application for wire taps. Individual 1 provided the Government with information that Mr. Bowser pled guilty to Mr. Duff's crime and that Mr. Duff intended to pay Mr. Bowser's legal fees with proceeds from the staged automobile accident on March 15, 2010. Mr. Bowser argues that "[i]t

is unknown at this time how and when Individual 1 had the ability and opportunity to see, hear, or know the things he told the FBI regarding this alleged brokered deal." Dkt. 1603 at 6.

In *Howard*, the defendant challenged the sufficiency of evidence by calling into question a witness's testimony that was contradictory, uncorroborated, and a result of a plea agreement. 692 F.3d at 706. The Seventh Circuit explained that "eyewitness testimony does provide a foundation for a reasonable finding by the jury." *Id.* A witness's credibility may not be strong, but the credibility determination is left to the jury. *Id.* Here however, it is still unknown if Individual 1 was an eyewitness to the conversations regarding Uncharged Act 1 or became aware of them later. The Government has not directly responded to this portion of Mr. Bowser's argument, but states that "Bowser's misrepresentations in court regarding the assault will be proven through the testimony of government witnesses." Dkt. 1773 at 10–11. Presumably, the Government's Jencks Act disclosures will provide support for its proffer and Mr. Bowser's counsels concede they cannot fully analyze their position without the disclosures. At this stage of the litigation, the Court cannot determine that there is insufficient evidence to support the prior act alleged by the Government.

Assuming for the purposes of this analysis that the proffered evidence satisfies the first three prongs of the four-part test, the Court must determine whether the probative value is outweighed by the danger of unfair prejudice. "The concern with 404(b) evidence is that jurors will decide that a defendant is guilty because they believe that he has a propensity for committing the charged crime or that he simply has a bad character, making him more likely to commit crime in general." *Howard*, 692 F.3d at 707. Unfairly prejudicial evidence causes a jury to decide a case on improper grounds. *Id.* Mr. Bowser argues that the proffered evidence "carries with it a real danger of the jury misusing this evidence to assume that Bowser is a person

5

of bad character." Dkt. 1603 at 6–7. The Court is persuaded by the Government. As stated earlier, the evidence is probative of Mr. Bowser's motive to engage in a common plan to stage an automobile accident and defraud State Farm Insurance. It further shows knowledge of the agreement between Mr. Duff and Mr. Bowser, as well as evidence of Mr. Duff's intent and motive. Because the intent and motive of the defendants is a key issue in the offenses charged, the Court finds that the probative value is not outweighed by the danger of substantial prejudice. To eliminate possible prejudice, the Court will admonish the jury when the evidence is presented and give a limiting instruction on this issue.

The Government has agreed that Jencks Act disclosures will be made at least seven (7) days before commencement of the trial. Thus, an evidentiary ruling on this motion must be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. For now, Mr. Bowser's motion on this issue is **DENIED**. Of course, Mr. Bowser is free to renew his motion following the Jencks Act disclosures and at any time prior to and during trial.

**B.** <u>**Uncharged Act 2**</u>

Mr. Bowser contends that the evidence of Uncharged Act 2, which involves his being incarcerated, is unnecessary and highly prejudicial. The Government responds that the proffered evidence is direct evidence and should be admitted. Specifically, the Government intends to show that Mr. Bowser was incarcerated from April 7, 2010 through May 14, 2011, yet filed a claim with State Farm Insurance for lost wages during this time period. Evidence of Mr. Bowser's incarceration is direct evidence that his lost wage claim was false. The Government argues that it has the burden of proof and should be able to present direct evidence to support the mail fraud charge.

Defendant's counsel concedes that "Bowser's unavailability to work during a time period in which he allegedly claims to have been working has relevance to Count Two, mail fraud"; however, Mr. Bowser argues that the information "can be presented in a manner which does not include evidence of Bowser's incarceration." Dkt. 1603 at 7. To a certain extent, the Court agrees. The Government has offered a stipulation for Uncharged Act 3 that would leave out the fact of Mr. Bowser's later incarceration. A stipulation seems appropriate here as well.

Of course, Mr. Bowser may decline to enter a stipulation since he has no burden of proof and it is the Government's burden alone to prove (beyond a reasonable doubt) that he was not working. Therefore, if no stipulation can be worked out, the Government may present evidence of Mr. Bowser's incarceration from April 7, 2010 through May 14, 2011 as direct evidence to establish the elements necessary to sustain a conviction for mail fraud. Mr. Bowser's motion on this issue is **DENIED.** A limiting instruction will be given to ensure the evidence is considered by the jury for the appropriate purpose.

**C.      Uncharged Act 3**

Mr. Bowser contends that evidence of Uncharged Act 3, which involves Mr. Bowser being incarcerated, is unnecessary and prejudicial. Specifically, the Government intends to show that Mr. Maio wired money to Mr. Bowser's commissary account while he was incarcerated from March 10 through August 16, 2011. Mr. Bowser does not dispute that $50.00 was transferred to him on July 6, 2011, but argues the Government's objective with the evidence can be achieved without disclosing that the money was transferred into a jail or prison account. The Court agrees that the fact of Mr. Bowser's incarceration as evidence of Uncharged Act 3 is not necessary to achieve the Government's objective.

7

The Government has provided a stipulation titled Exhibit A to its response. *See* Dkt. 1773-1. The parties are encouraged to enter into the stipulation to avoid an evidentiary dispute. Regardless, Mr. Bowser's motion on this issue is **GRANTED**.

### IV. <u>CONCLUSION</u>

For the reasons stated above, Mr. Bowser's Motion *in Limine* (Dkt. 1603) is **GRANTED in part** and **DENIED in part**. The Court lacks sufficient facts to determine whether evidence of Uncharged Act 1 is inadmissible for any purpose and the motion *in limine* on Act 1 is **DENIED**. The Government may introduce evidence regarding Mr. Bowser's incarceration in support of Uncharged Act 2 and the motion *in limine* on this issue is **DENIED**. The Government is prohibited from introducing evidence regarding the fact of Mr. Bowser's incarceration included in Uncharged Act 3and the motion *in limine* on this issue is **GRANTED**.

If the parties wish to renew any motions *in limine* as the trial unfolds, they may request a hearing outside the presence of the jury. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

**SO ORDERED**.

Date: 08/08/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION:

Brad Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica_foster@fd.org