UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00102-TWP-KPF |
| | ) | |
| JOSHUA N. BOWSER, | ) | - 01 |
| JAMIE A. BOLINGER, | ) | - 10 |
| VANCE CANNER, | ) | - 12 |
| STEPHEN D. DUFF, | ) | - 15 |
| CHARLES N. ERNSTES, II, | ) | - 20 |
| CHRISTIAN J. MILLER, | ) | - 44 |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT'S MOTIONS FOR TIMELY DISCLOSURE OF *BRADY/GIGLIO MATERIAL* (Dkt. 1606), MOTION FOR COURT TO ESTABLISH SCOPE OF *BRADY* OBLIGATIONS and FOR EXCULPATORY EVIDENCE (Dkt. 1940)**

This matter is currently before the Court on Defendant, Joshua N. Bowser's ("Mr. Bowser"), Motion for Timely Disclosure of *Brady/Giglio* Material (Dkt. 1606)[1] and Motion for Court to Establish Scope of the Government's *Brady* Obligations and Renewed Motion for Exculpatory Evidence (Dkt. 1940). Specifically, Mr. Bowser requests immediate production of certain exculpatory and impeachment evidence. For the reasons set forth below, Mr. Bowser's motions (Dkt. 1606 and Dkt. 1940) are **DENIED** in part and **GRANTED** in part.

## I. BACKGROUND

Mr. Bowser and 50 others are charged in a forty-nine count Second Superseding Indictment with offenses ranging from racketeering acts, drug trafficking, robbery, assault, fraud, extortion and witness tampering, in violation of various federal statutes, including Titles 18, 21, and 26. The case stems from a four year federal investigation into the Outlaws Motorcycle Club ("OMC"). Several of the charged defendants have entered into plea agreements and Mr. Bowser

---

[1] Defendants Charles N. Ernstes, II (Dkt. 1618), Vance Canner (Dkt. 1624), and Stephen D. Duff (Dkt. 1625) have each joined Defendant Bowser's Motion for Timely Disclosure. The Court will refer to Mr. Bowser in the motion with the understanding that the named co-defendants have joined.

anticipates that a number of the former co-defendants will testify on behalf of the Government as cooperating witnesses. Currently, six defendants will proceed to trial. Jury selection is scheduled to begin on Friday, September 6, 2013 and the trial is scheduled to commence on Monday, September 8, 2013. The trial is expected to last from six to eight weeks.

The Government has produced approximately 10,000 pages of trial discovery and asserts that is has fully complied with its obligations under Fed. R. Crim. P. 16 (a)(1)(A) and (C) by providing statements of the defendants and making available for inspection and copying all documents produced to the Grand Jury, including invoices from alleged OMC's racketeering acts, evidence collected from execution of search warrants and recordings generated from court-authorized wire and electronic surveillance. (*See* Dkt. 1734 at 2.) In his first motion, Mr. Bowser is requesting immediate production of the following materials, which he argues constitutes exculpatory and impeachment evidence:

a. All promises, inducements, incentives, and/or rewards offered to government witnesses.

b. Any evidence that government witnesses in the case have been working with, or at the direction of, any local, state, or federal law enforcement agency.

c. Any information on the training provided to government witnesses, as well as any documentation of termination from cooperation.

d. Any evidence of bias, prejudice, motive to fabricate, lie, or slant testimony on the part of government witnesses against the defendants or their families or for the government or law enforcement.

e. Any evidence that any government witness has sought or has been directed to seek mental health treatment, including that for substance/alcohol abuse, including whether a witness is prescribed or has been prescribed medication that may impact the witness's memory or ability and opportunity to see, hear, or know the things the witness will testify about.

f. Any evidence that the government witness was under the influence of any drugs, alcohol, or other intoxicating substances at the time of the event or events to which they are testifying or at the time they gave any statement concerning those events.

    g. Any evidence that any government witness has given any statement that is inconsistent with any other statement the witness has given or is inconsistent with any testimony the government anticipates will be elicited at trial.

    h. Any evidence tending to show a government witness has collected impeachment convictions pursuant to Federal Rule of Evidence 609. Mr. Bowser requests evidence of prior convictions which are more than ten years old if they could be used to enhance a state or federal conviction, such as those applicable under 18 U.S.C. 924(e) or after notice by the government under 21 U.S.C. 851, or career offender or criminal livelihood enhancements under United States Sentencing Guidelines Chapter 4, Part B or similar provisions of state criminal codes.

Dkt. 1606 at 14.

In response, the Government asserts that based on its current understanding of the evidence it has no additional *Brady* material to disclose and it intends to disclose *Giglio* material at least seven (7) business days prior to trial.

    The Government's response failed to assuage Mr. Bowser and instead, prompted him to file an additional motion (Dkt. 1940). In the subsequent motion, Mr. Bowser disputes that the Government has provided all *Brady* evidence known to it, requests that the Court establish the scope of the Government's *Brady* obligations and renewed his motion for exculpatory evidence.

## II. LEGAL STANDARD

    Under *Brady v. Maryland,* 373 U.S. 83 (1963), the Government has a duty to produce evidence favorable to the accused when "the evidence is material either to guilt or punishment." 373 U.S. at 87. "Evidence is material under *Brady* if, had it been disclosed, there is a reasonable probability that the outcome of the trial would have been different." *United States v. Dismas*, 3 F.3d 1015, 1018 (7th Cir. 1993). The Supreme Court in *United States v. Agurs*, 427 U.S. 97, 110 (1976), reaffirmed that under *Brady*, evidence need be disclosed only if it is material and expressly rejected the argument that defense should have unfettered or complete access to the government's files.

3

Under *Giglio v. United States*, 405 U.S. 150 (1972), the *Brady* duty extends to impeachment evidence. 405 U.S. at 154. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Bielanski*, 550 F.3d 632, 643 (7th Cir. 2008) (quoting *Youngblood v. W. Virginia*, 547 U.S. 867, 870 (2006)). *Giglio* impeachment material typically includes cross-examination materials such as immunity agreements, plea agreements, money paid to a witness, and criminal convictions. These impeachment materials, however, must be disclosed only once the witness testifies. The Seventh Circuit has made it clear that there is nothing in *Brady* that requires the government to prematurely disclose material impeachment evidence, immunity agreements, or preferential treatment given to prosecution witnesses in exchange for their testimony before trial. *United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979).

### III. DISCUSSION

Mr. Bowser asserts that he is entitled to the materials requested in paragraphs (a) through (h) above, pursuant to *Brady* and *Giglio*. In response, the Government contends that the specific information requested by Mr. Bowser is protected by the Jencks Act. The Jencks Act prohibits the "subpoena, discovery, or inspection" of "a statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant)" until the witness has testified on direct examination. 18 U.S.C. § 3500(a)-(b). The Jencks Act defines a statement as:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>
> (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>
> (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. §3500(e).

Materials that fall under both the Jencks Act exemption and *Brady* disclosure requirement should be disclosed early enough that the defendant is not deprived of his right to a fair trial. *See United States v. Adams*, 834 F.2d 632, 635 (7th Cir. 1987); *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988). In interpreting *Brady* to determine when evidence should be disclosed, the Seventh Circuit has repeatedly held that "the eve of trial or during trial is not too late so long as the defendant can make use of [the evidence] to his or her advantage." *Bielanski*, 550 F.3d at 644 (quoting *Moore v. Casperson*, 345 F. 3d 474, 493 (7th Cir. 2003)); *United States v. Grintjes*, 237 F.3d 876, 880 (7th Cir. 2001); *United States v. Allain*, 671 F.2d 248, 255 (7th Cir. 1982); *United States v. McPartlin*, 595 F.2d 1321, 1343 (7th Cir. 1979). Administration of *Brady* and the Jencks Act is left to the discretion of the Court. *United States v. Augenblick*, 393 U.S. 348, 355 (1969) ("Administration of [the Jencks Act] must be entrusted to the good sense and experience of trial judges subject to appropriately limited review of appellate courts."); *United States v. Palermo*, 360 U.S. 343, 355 (1959); *United States v. Kimoto*, 588 F.3d 464, 474 (7th Cir. 2009) ("We review a district court's *Brady* determination under the standard for an abuse of discretion.").

The Government asserts that it recognizes the interest of the Court and all parties in conducting the trial efficiently and fairly but believes the request for immediate production of impeachment materials is entirely unreasonable. The Government denies that it is wrongfully withholding *Brady* materials and reiterates that it does not intend to wait until after the witness is called before disclosing *Giglio* materials, but rather will disclose all *Giglio* material not later than seven days prior to the commencement of trial.

Mr. Bowser believes the Government is "sitting on a treasure trove of impeachment evidence under the purported authority of the Jencks Act" (Dkt. 1606-5) and argues that

5

important evidence favorable to the defense has been wrongly withheld and requests immediate disclosure of materials. According to Mr. Bowser, the circumstances of this case require immediate disclosure because of the sheer amount of discovery, the number of defendants, the length of investigation, the number of cooperators, the expected length of trial and the fact that RICO prosecutions are rare in this district. Mr. Bowser argues that *Giglio* disclosures one week before trial is insufficient and he cannot confirm readiness for trial using the Government's time table.

After reviewing the submissions of both sides in connection with this motion, the Court agrees that disclosure of *Brady* and *Giglio* material prior to trial is proper and the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence that is favorable to the defendants or that impeaches a government witness. And, there is no doubt that Mr. Bowser is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady,* 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *See United States v. Bagley,* 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Giglio,* 405 U.S. at 155; *see United States v. Hamilton,* 107 F.3d 499, 509 (7th Cir.1997).

However, consistent with Supreme Court and Seventh Circuit precedent, *Brady* does not require pretrial disclosure; it demands only that the disclosure not come so late as to prevent the defendant from receiving a fair trial. *U.S. v. Grintjes* 237 F.3d 876 (7th Cir. 2001). The Court recognizes the Government's interest in keeping its witnesses safe from possible harm and intimidation. As such, the Court maintains its deadline of September 3, 2013, for all counsel to disclose to opposing counsel the names of the witnesses they intend to call at trial. The Court cannot order disclosure of Jencks Act material but acknowledges the Government's promise to

produce Jencks Act material at least seven days before the start of trial which is far beyond what is required in the Jencks Act.

The Government concedes that requested items (a), (c) and (d) constitute impeachment materials and items (e), (f) and (h) – information concerning prior convictions of its witnesses – all constitute *Giglio* material. The Government states it will disclose these materials at least seven days before the commencement of trial. The Seventh Circuit has stated that disclosure of *Brady* material must not occur so late as to deprive a defendant of a fair trial. Based on the Government's representations that it has already disclosed *Brady* materials and it will continue to disclose *Brady*/*Giglio* materials no later than seven days before trial, with the exception of item (a), the Court cannot find that this amount of time for disclosure of information is insufficient.

In item (a), Mr. Bowser requests "all promises, inducements, incentives, and/or rewards offered to government witnesses." As then District Judge Tinder noted in *United States. v. Williams*, 792 F.Supp.1120, 1131 (S.D. Ind. 1992), "under Rule 16(a)(1)(C), the defendants are entitled to discover this type of information, prior to trial, if it would be material to the preparation of the defendant's defense." Mr. Bowser argues that the credibility of the Government's witnesses, many of whom are cooperating informants, is essential to the defense. Further, he argues that the identity of some of the informants is already largely known to the defendants and they are not seeking this information to discover the identity of the informants. The Court is persuaded. Mr. Bowser has satisfied the Court that information regarding plea agreements, promises, inducements and rewards are "material" to the defense and require disclosure. This information would be essential to the cross-examination and impeachment of any Government witness to be called at trial. Therefore, disclosure of information in item (a), for those witnesses the Government intends to call at trial should be disclosed no later than two weeks prior to the commencement of trial, or by August 26, 2013.

The Court cannot and does not order the production of items (b), (c), (d) or (g), because these items either fall under the protection of the Jencks Act or Mr. Bowser has failed to show a legitimate reason to compel the disclosure of these materials. Additionally, the Government indicates that it is aware of its continuing obligations to produce *Brady* and *Giglio* materials as they become known to it. It has been repeatedly held that where the government has made assurances it will comply with *Giglio* and *Brady,* those assurances are sufficient. *See Strickler v. Greene,* 527 U.S. 263, 283 n. 23, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

Throughout these proceedings, Mr. Bowser has made numerous pleas to the Court that he cannot effectively review, investigate, and incorporate an unknown number of pages of material in seven days while simultaneously preparing for jury selection and the myriad of other matters that arise in the week prior to a multi-month trial. (*See* Dkt. 1940 at 13). Recognizing that the Government also has an interest in preventing delay and extension of an already lengthy trial, the Court cannot and will not order, but would encourage the Government to make the remaining disclosures sooner than the seven days out that it has promised.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Mr. Bowser's Motions (Dkt. 1606 and Dkt. 1940) are **GRANTED** in part and **DENIED** in part**.** The evidence sought in item (a), shall be produced no later than two weeks prior to the commencement of the trial. Mr. Bowser's Motions are denied in all other respects.

**SO ORDERED.**

Date: 08/08/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION:

Brad Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica_foster@fd.org

Brent Westerfeld
bwesterfeld@wkelaw.com

James C. McKinley
ATTORNEY AT LAW
jmckinley@justice.com

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com

Gustin J. Raikos
gusto66@hotmail.com

Larry A. Mackey
BARNES & THORNBURG LLP
larry.mackey@btlaw.com

Mark D. Stuaan
BARNES & THORNBURG LLP
mstuaan@btlaw.com

Michael Eugene Allen
ATTORNEY AT LAW
mallenatty@aol.com

Richard Mark Inman
ATTORNEY AT LAW
markinman13@aol.com