# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cr-00102-TWP-DML-1 |
| JOSHUA BOWSER, | ) |
| Defendant. | ) |

### ENTRY ON DEFENDANT'S PETITION TO ENTER PLEA

This matter is before the Court on Defendant Joshua Bowser's ("Mr. Bowser") Petition to Enter Plea of *Nolo Contendere* to Count One, and to Enter Pleas of Guilty to Counts Two, Five, Eight, Nine, Ten, Eleven, Twelve, Nineteen, and Forty-Seven (Dkt. 2119). Additionally, Mr. Bowser indicates he will waive a jury trial on the remaining Count Sixteen if the pleas are accepted. The Government objects to the proposed *nolo contendere* plea. At issue is whether the Court will accept Mr. Bowser's Petition to Enter a Plea of *Nolo Contendere* to Count One. The Court held a hearing and heard argument on Friday, August 30, 2013. At the hearing, Mr. Bowser's counsel indicated that Mr. Bowser adopts and joins in co-defendant Jamie Bolinger's ("Mr. Bolinger") similar motion and argument. For the reasons set forth below, Mr. Bowser's Petition to Enter a Plea of *Nolo Contendere* to Count One is **ACCEPTED**.

### I. BACKGROUND

Mr. Bowser and 50 others are charged in a forty-nine count Second Superseding Indictment with offenses ranging from racketeering acts, drug trafficking, robbery, assault, fraud, extortion and witness tampering, in violation of various federal statutes, including Titles 18, 21, and 26. The case stems from a four year federal investigation into the Outlaws Motorcycle Club ("OMC"). Mr. Bowser is in custody and is set for trial, along with five Co-Defendants, on September 9, 2013. The parties anticipate the jury trial will last from five to eight weeks. The

posture of the case is in flux and it appears that some of the remaining Co-Defendants will enter a change of plea. Mr. Bowser has agreed to enter a plea of guilty to all of the counts charged against him except Count Sixteen and Count One. With respect to Count Sixteen, Conspiracy to Distribute Controlled Substance, Mr. Bowser will waive jury, and with respect to Count One, Racketeer Influenced and Corrupt Organization (RICO), Mr. Bowser has petitioned to enter of plea of *nolo contendere*.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 11 allows for a defendant to plead either guilty or not guilty. A defendant also has the option of pleading *nolo contendere* (a "*nolo* plea"), but only with the consent of the court after due consideration of the views of the parties and the interest of the public in the effective administration of justice. Fed. R. Crim. P. 11(a)(3). A plea *of nolo contendere* is said to literally mean, "I do not contest it." *Lott v. United States*, 367 U.S. 421, 426 (1961) (citing *Piassick v. United States*, 253 F.2d 658, 661 (5th Cir. 1958)). At the same time, however, the defendant admits "every essential element of the offense (that is) well pleaded in the charge." *Id.* (citing *United States v. Lair*, 195 F. 47, 52 (8th Cir. 1912)). In other words, a plea of *nolo contendere* is "tantamount to a regular plea of guilty" for the purposes of the case. *McGrath v. United States*, 402 F.2d 466, 467 (7th Cir. 1968). While a plea of *nolo contendere*, for all practical purposes from the standpoint of punishment, is comparable to a plea of guilty, there is, however, a material difference when considering the fact that a *nolo contendere* plea may not be used against a defendant as an admission in any subsequent civil or criminal proceeding; nor does the plea affect the civil rights or impose any civil disqualification upon the defendant. See, 22 C.J.S. Criminal Law § 425(4).

"And in practice [,] pleas of nolo contendere are rarely accepted without the approval of the Government after compromise negotiations with the Government". See *Commonwealth*

2

*Edison Co. v. Allis-Chalmers Mfg. Co.* 323 F.2d 412, 415 (7th Cir. 1963). Indeed, a search by this court reveals that *nolo contendere* pleas in this district are rare. The Supreme Court has determined that the decision to either accept or reject a defendant's plea of *nolo contendere* is entirely within the discretion of the court. *Santobello v. New York*, 404 U.S. 257, 261 (1971); *see also, United States v. Bearden*, 274 F.3d 1031 (6th Cir. 2001). Rule 11(a)(3) specifically provides that in exercising its discretion "the court must consider the parties' views and the public interest in the effective administration of justice." In *United States v. Brighton Bldg. & Maintenance Co.*, 431 F. Supp. 1118 (N.D. Ill. 1977), the court discusses factors that it takes into account when accepting or rejecting a plea of *nolo contendere*. In the exercise of its discretion, the court took into account: "(1) any mitigating circumstances, (2) the culpability of the defendant (tendering a *nolo* plea) relative to codefendants, (3) the deterrent effect of a *nolo* as compared to a guilty plea, [and] (4) the pragmatic considerations of avoiding an expensive and time-consuming trial." *Id*. Regardless of the factors considered, "[t]he primary purpose of accepting a plea of *nolo* is to promote the administration of justice." *United States v. Chin Doong Art*, 193 F. Supp. 820, 823 (E.D.N.Y. 1961).

### III. <u>DISCUSSION</u>

The standard the Court must apply in deciding whether to accept *nolo contendere* is the public interest. Mr. Bowser asserts that he will accept personal responsibility for his criminal actions by pleading guilty to the substantive charges in Counts Two, Five, Eight, Nine, Ten, Eleven, Twelve, Nineteen, and Forty-Seven. However, like his Co-Defendant Mr. Bolinger, he is unwilling to plead guilty to Count One, Racketeering, "under any circumstances", though he acknowledges that a *nolo* plea authorizes the Court to impose punishment as if he had been convicted of that offense. The Government objects to Mr. Bowser's *nolo* plea, arguing that such a plea would be contrary to the public interest in the administration of justice.

> The Government highlights four arguments against the proposed *nolo* plea:
>
> First, permitting the *nolo contendere* plea would allow the defendant to perpetrate the argument that the Outlaws Motorcycle Club ("OMC") does not constitute an organized crime entity and reduce the deterrent effect of the prosecution. Second, permitting the *nolo contendere* plea would minimize the importance of the defendant's participation in the OMC enterprise to his commission of the individual racketeering acts. Third, permitting the defendant to plead *nolo contendere* would result in a disparate treatment of this defendant with other defendants in the case. Fourth, permitting the defendant to plead *nolo contendere* would allow him to maintain his standing in the OMC both in prison and upon his release from prison.

Dkt. 2133 at 3. These concerns are buttressed by a letter written by Co-Defendant Mr. Bolinger to a fellow OMC member that the Government attached as Exhibit A (Dkt. 2133-1), which by inference can be viewed as evidence of Mr. Bowser's motivations. In essence, the letter confirms that admitting the OMC is a criminal organization is strictly prohibited by the OMC code. Thus accepting a *nolo* plea allows Mr. Bowser to maintain his membership in the OMC and boosts Mr. Bowser and the OMC in contravention of the public interest. The letter speaks for itself, and is a strong indication that although Mr. Bowser may be willing to plead guilty to the substantive counts, he is dedicated to preserving the OMC, including any criminal interests the club promotes.

The Court agrees that the Government has identified legitimate interests that weigh heavily against the public interest in accepting Mr. Bowser's *nolo* plea. The *nolo* plea has a lessened deterrent effect as it allows Mr. Bowser to maintain that his substantive crimes were not in furtherance of the OMC. Further, it creates a disparity among Co-Defendants, many of whom have pleaded guilty to the RICO charge. *See Chin Doong Art*, 193 F. Supp. at 823 ("After acceptance of a plea of guilty from the co-conspirator (who is now available as a witness for the Government) and the pleas of guilty from the other defendants, it would not only be discriminatory and incongruous but would reflect upon law enforcement generally if the Court accepted a plea of *nolo contendere* from the most prominent of the two defendants.").

Mr. Bowser contends that his petition represents a fair compromise that serves both Mr. Bowser and the Government. Upon thoughtful analysis, the Court finds that it must agree. The Government raises public interest concerns that, although quite compelling, do not override the pragmatic considerations of avoiding an expensive and time-consuming trial. Mr. Bowser's petition asserts that a *nolo* plea will serve the efficient administration of justice by saving the United States and the Court, time, expense, and resources of a five to seven week jury trial during a period of budget cuts and sequestration. Mr. Bowser is represented by two Indiana Federal Community Defender (IFCD) attorneys. The lengthy trial in this case will place a burden on the IFCD as Mr. Bowser's two lawyers represent one-third of the IFCD legal staff. Moreover, Mr. Bowser argues that a lengthy trial will burden the Court and sixteen jurors who are scheduled for selection; the Court's calendar will become increasingly congested and the trial prevents criminal and civil matters from being heard. Mr. Bowser makes particular note of the impact of this trial on the United States Marshal Service, which was denied a request for additional funding to meet expenses during this trial. Both Mr. Bolinger's and Mr. Bowser's in-custody status require heightened security needs opposed to the remaining Co-Defendants on pretrial release.

In response, the Government asserts that removing Mr. Bowser and Mr. Bolinger from trial will only result in a one week reduction of the Government's case-in-chief. At the time the Government filed its Response, four Defendants remained set for trial, which would still require the Court's time, as well as CJA counsel. However, the Government has tendered and received signed plea agreements from three of the remaining Co-Defendants, which undermines the Government's position. The remaining Co-Defendant would not require a lengthy jury trial. Given this reality, the Court cannot justify the time, expense, and resources of a six to seven week trial of Mr. Bowser. The saving of time and expense is a factor in the acceptance of pleas

of *nolo contendere*. This was expressly stated in *United States v Safeway Stores, Inc*., 20 F.R.D. 451 (DC Tex. 1957), where the court added that while the condition of the court's docket would not be reason for the acceptance of the plea of *nolo contendere*, the fact remains that all other litigation would necessarily be delayed and all other litigants would be denied the right to speedy trial during the trial of the present case if such plea were not accepted.

That said, there is no doubt that trial in this case would be lengthy, complex, and expensive. The Court, however, should be vigilant in ensuring that expediency alone does not diminish the integrity of the judiciary. The Court must weigh all of the relevant factors and determine whether a *nolo* plea in this case would allow Mr. Bowser to preserve prestige that would otherwise be lost with a guilty plea. Although it appears from Co-Defendant Mr. Bolinger's letter that a "loyal" member of the OMC's refusal to plead to Count One is against the public interest, the fact that Mr. Bowser agrees to admit his guilt to all but one of the charged RICO acts weighs heavily in the Courts analysis. Counsel for Mr. Bowser was correct to note at argument that the Court cannot force Mr. Bowser or Mr. Bolinger to plead guilty and admit that the OMC is a criminal organization. Moreover, even a conviction on Count One will not be an acceptance by Mr. Bowser or Mr. Bolinger that the OMC is a criminal organization. The Court has engaged in an analysis and finds that allowing Mr. Bowser to enter a *nolo contendere* plea outweighs the factors against it. Although the Court is of the sentiment that one is either guilty or not guilty, accepting the *nolo* plea to Count One and a plea of guilty to Counts Two, Five, Eight, Nine, Ten, Eleven, Twelve, Nineteen, and Forty-Seven is the effective administration of justice.

## IV. **CONCLUSION**

Accordingly, for these reasons, Mr. Bowser's petition (Dkt. 2119) is **ACCEPTED** and the matter is scheduled for a change of plea hearing on <u>Thursday, September 5, 2013, at 11:00 a.m.</u> in Courtroom 344, Birch Bayh Federal Building and United States Courthouse, Indianapolis, Indiana.

**SO ORDERED**:

Date: 09/03/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gwendolyn M. Beitz
INDIANA FEDERAL COMMUNITY DEFENDERS
gwendolyn_beitz@fd.org

Monica Foster
INDIANA FEDERAL COMMUNITY DEFENDERS
monica_foster@fd.org

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

United States Probation Office