**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cr-00102-TWP-DML |
| | ) | |
| JOSHUA N. BOWSER, et al. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| BRADLEY W. CARLSON, | ) | |
| | ) | |
| Interested Party. | ) | |

**ORDER ON INTERESTED PARTY BRADLEY W. CARLSON'S MOTIONS**

This matter is before the Court on Interested Party Bradley W. Carlson's ("Mr. Carlson")

Motion for Judicial Notice (Filing No. 2927) and Motion to Alter or Amend the Judgment (Filing

No. 2928).  For the following reasons, the Court will **GRANT** Mr. Carlson's Motion to Take

Judicial Notice and **DENY** Mr. Carlson's remaining Motions.

**I      DISCUSSION**

As an initial matter, on May 11, 2015, Mr. Carlson filed a "Notice to the Court" (Filing

No. 2987) notifying the Court of his pending motions.  In his Notice, Mr. Carlson, relying on 18

U.S.C. § 1963(l)(4), asserted that "the hearing on the petition shall, to the extent practicable and

consistent with the interests of justice, be held within thirty days of the filing of the petition."

However, this code section is irrelevant to Mr. Carlson's pending motions; it applies to petitions

of third-parties when intervening in a forfeiture proceeding.  To the extent Mr. Carlson is

requesting a hearing on his pending motions based on 18 U.S.C. § 1963(l)(4), such a request is

**DENIED**. The Court will discuss the pending motions in turn.

## A.    The Rule 201(b) Motion

Federal Rule of Evidence 201(b) provides that the court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction' or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Mr. Carlson asks the Court to take Judicial Notice of a Wisconsin state trial court's hearing transcript and order, which ordered the return of personal property belonging to the Outlaws Motorcycle Club in Wisconsin.  A court may take notice of its own records, as well as records from a prior, related proceeding in state or federal court, however the Court is not allowed to take notice of the truthfulness of the contents of the court record. Numerous courts have observed, taking judicial notice of a court record or its contents is not the same as taking judicial notice of the truthfulness of its contents. *United States v. Southern Cal. Edison Co.,* 300 F. Supp. 2d 964, 974 (2004). With that being said, the Court will **GRANT** the Motion and take Judicial Notice of the fact that an unrelated Wisconsin state court has ordered the return of some OMC property.

## B.    The Rule 59(e) Motion

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the court to reconsider matters "properly encompassed in a decision on the merits."  *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989).  "A Rule 59(e) motion will be successful only where the movant clearly establishes:  (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal citation and quotation marks omitted).  Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional

2

case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation and quotation marks omitted).

In this case, Mr. Carlson asks the Court to alter or amend its Judgment (Filing No. 2919), which denied his earlier Motion for Judicial Notice, a Motion to Compel, and a "Motion for Hearing," and granted the Government's Motions to Dismiss. In his Motion to Alter or Amend the Judgment, Mr. Carlson essentially reargues his initial motions and presents "new evidence" in the form of a trial court order and hearing transcript from an unrelated Wisconsin state trial court proceeding.

In his Notice to the Court, Mr. Carlson explained that he filed his Motion to Alter or Amend the Judgment based on Rule 59(e)—which permits amendment if newly discovered evidence would preclude entry of judgment—with his Motion for Judicial Notice "concerning newly available court records with a direct relation to the instant case." (Filing No. 2987 at 1, ¶2.) It appears that Mr. Carlson is asserting that a recently issued order from the state trial court in Wisconsin and its hearing transcript are "newly discovered evidence" that would preclude entry of this Court's judgment. Mr. Carlson provided a copy of the Wisconsin state trial court's hearing transcript and order, which ordered the return of personal property belonging to the Outlaws Motorcycle Club in Wisconsin. However, just as the decisions of other federal district courts are not binding on this Court, the decisions of other state trial courts are not binding on this Court. *Frye v. Bowman*, 193 F. Supp. 2d 1070, 1089 (S.D. Ind. 2002); *J. Russell Flowers, Inc. v. Am.*

*Commer. Lines, LLC*, 2005 U.S. Dist. LEXIS 10817, at *20, n.7 (S.D. Ind. Mar. 10, 2005). Further, the law of the case, facts and other circumstances of the Wisconsin case have no influence on the matter herein.

## II.    CONCLUSION

Mr. Carlson's Motion to take Judicial Notice (Filing No. 2927) is **GRANTED**. However, there was no manifest error of law or fact in the Court's previous Judgment, and Mr. Carlson has presented no new evidence which would preclude judgment. The Court did not misapprehend the facts in this action, and it did not misapply the law to those facts in finding that Mr. Carlson's motions should be denied and the Government's Motions to Dismiss should be granted. Accordingly, Mr. Carlson's Motion to Alter or Amend the Judgment (Filing No. 2928) is **DENIED**.

**SO ORDERED.**

Date:  5/20/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Bradley W. Carlson
7931 42nd Avenue
Kenosha, Wisconsin  53142

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
josh.minkler@usdoj.gov